## J. RAGLAND v. STATE.
No. A-3386.    Opinion Filed April 3, 1920.    ,
(187 Pac. 251.)

Appeal from County Court, Oklahoma County; William H. Zwick, Judge.

J. Q. A. Harrod, for plaintiff in error.

W. C. Hall, Asst. Atty. Gen., for the State.

PER CURIAM. The plaintiff in error, J. Ragland, was convicted on a charge of selling to one J. E. Oates one-half pint of whisky for the sum of $2.50, and in conformity with the verdict was sentenced to be confined for 90 days in the county jail and pay a fine of $50, and the costs. He appealed from the judgment by filing in this court on June 10, 1918, petition in error with case-made. No brief has been filed and no appearance made in this court on his behalf. For this reason, the Attorney General has moved to affirm the judgment. An examination of the record discloses that the errors assigned are without merit. The judgment is therefore affirmed. Mandate forthwith.

## BOB MORRIS v. STATE.
No. A-3140.    Opinion Filed April 6, 1920.
(188 Pac. 684.)

Appeal from County Court, Comanche County; R. J. Ray, Judge.

Bob Morris was convicted of unlawfully possessing intoxicating liquors with intent to sell them, and he appeals. Dismissed and remanded with direction to execute judgment.

J. A. Diffendaffer, for plaintiff in error.

W. C. Hall, Asst. Atty. Gen., for the State.

PER CURIAM. The plaintiff in error, Bob Morris, was convicted on a charge that he did have in his possession certain intoxicating liquors with the unlawful intent to sell the same, and in accordance with the verdict of the jury he was sentenced to be confined for 30 days in the county jail and to pay a fine of $100. From the judgment rendered June 2, 1917, he appealed by filing in this court September 19, 1917, a petition in error with case-made. No brief had been filed and no appearance made on behalf of the plaintiff in error when the case was called for final submission, whereupon the Attorney General moved that the judgment be affirmed or the appeal dismissed for failure to prosecute the appeal. It appearing that the appeal in this case has been abandoned, the motion to dismiss is sustained, and the cause remanded to the trial court, with direction to cause its judgment to be carried into execution.